IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00421-EWN-MJW

JONATHAN OCKER,

     Plaintiff,

v.

NATIONAL ACTION FINANCIAL SERVICES, INC., a Georgia corporation,

     Defendant.

---

**RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS
(DOCKET NO. 16)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiff's Motion for Attorney Fees and Costs (docket no. 16). The court has reviewed the motion, response (docket no. 20), and reply (docket no. 21). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties
        to this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

3.   That each party has been given a fair and adequate opportunity to be heard;

4.   That Plaintiff brought claims against the Defendant pursuant to the Fair Debt Collections Practice Act, 15 U.S.C. § 1692, *et seq.*;

5.   That the Fair Debt Collections Practice Act provides for attorney fees and costs to be awarded to a Plaintiff who successfully enforces an action.  See 15 U.S.C. § 1692k(a)(3).;

6.   That on April 28, 2008, Plaintiff accepted a Fed. R. Civ. P. 68 Offer of Judgment from the Defendant in the amount of $3,001.00 plus reasonable attorney fees and costs.  The Plaintiff filed the Offer of Judgment and the Plaintiff's Notice of Acceptance of the Offer of Judgment with the court on April 28, 2008.  See docket no. 12.;

7.   That on April 29, 2008, the court entered judgment in favor of the Plaintiff and against the Defendant in the amount of $3,001.00 exclusive of [attorney] fees and costs as shall be agreed to between counsel for the parties or as determined by the court upon motion, as set forth in the Offer of Judgment.  See docket no. 14.;

8.   That "[t]he proper procedure for determining a reasonable attorneys' fee is to arrive at a lodestar figure my multiplying the hours plaintiff's counsel reasonably spent on the litigation by a reasonable hourly rate. . . .  The fee applicant should exercise billing judgment with respect to the number of hours worked and billed. . . .  Billing judgment consists of winnowing hours actually

expended down to hours reasonably expended." <u>Praseuth v. Rubbermaid, Inc.</u>, 406 F.3d 1245, 1257 (10th Cir. 2005) (citations omitted).

9. That the "judge is not obligated to accept the fee applicant's billing judgment uncritically. Indeed, fee awards under federal fee-shifting statutes come under close scrutiny." <u>Id.</u>

10. That "[t]o determine what constitutes a reasonable rate [of attorney fees], the district court considers the 'prevailing market rate in the relevant community.' . . . 'the hourly rate should be based on the lawyers' skill and experience in . . . analogous litigation.' . . . If the district court does not have adequate evidence of prevailing market rates for attorney fees, then it may, 'in its discretion, use other relevant factors, including its own knowledge, to establish the rate.'" <u>Lippoldt v. Cole</u>, 468 F.3d 1204, 1225 (10th Cir. 2006) (citations omitted).

11. That the rate of $250.00 per hour is a reasonable rate for Attorney David M. Larson in this matter;

12. That Plaintiff's attorney fees entry for February 21, 2008, is excessive by two (2) hours, and Plaintiff's attorney fees entry of April 19, 2008, is excessive by one (1) hour;

13. That the costs in the amount of $425.00 is a reasonable amount for costs in this matter and is recoverable by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3). <u>See</u> paragraph 31 of reply (docket no. 21);

14.  That 10.85 hours for attorney time for this case is fair, reasonable, and necessary in this matter. That 10.85 hours times $250.00 per hour equals $2,712.50; and,

15.  That $425.00 in costs plus $ 2,712.50 in attorney fees equals $ 3,137.50.

## RECOMMENDATION

**WHEREFORE** based upon these findings of fact and conclusions of law, it is **RECOMMENDED**:

1.  That Plaintiff's Motion for Attorney Fees and Costs (docket no. 16) be **GRANTED**; and,

2.  That the Final Judgment (docket no. 14) be amended to add $425.00 in costs plus $2,712.50 in attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10ᵗʰ Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir.**

**1996).**

Done this 17th day of June 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE